UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES PEÑA, : | |
|    *Plaintiff*, : | |
| : | |
| v. : | Case No. 3:21-cv-00236 (KAD) |
| : | |
| JOHN ALDI ET AL, : | |
|    *Defendants*. : | |

## INITIAL REVIEW ORDER

**Preliminary Statement**

James Peña ("Peña," or the "Plaintiff"), currently confined at Corrigan-Radgowski Correctional Center ("Corrigan"), filed this civil rights action against Security Risk Group ("SRG") Coordinator John Aldi, Unit Manager Tammaro, Lieutenant Kelly, Lieutenant Bragdon, and Correctional Officer Nichols (collectively, the "Defendants"). Peña alleges that during his confinement at Corrigan from October 2017 to November 2018, the Defendants were deliberately indifferent to his safety and health and used excessive force against him. For the reasons set forth below, the complaint is dismissed with prejudice.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss the complaint, or any portion of the complaint, if the complaint—. . . is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While courts do have an obligation to interpret "*pro se* complaints liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).[1]

**Background and Allegations**

The following allegations are taken from the Plaintiff's complaint (ECF No. 1) and are accepted as true for purposes of the Court's review at this stage.

On October 6, 2017, Peña was admitted to a Department of Correction ("DOC") facility as a pretrial detainee. (*See* Compl. at 2 ¶ 13.) At some point during his confinement at Corrigan, prison officials placed him in an SRG housing unit. (*Id.* ¶ 9.) Peña informed SRG Coordinator Aldi, Unit Manager Tammaro, and Lieutenant Kelly verbally and in writing that he was not safe in the SRG unit because he had received threats from other inmates due to his pending sexual assault charge. (*Id.* ¶¶ 9–11.) Peña requested that he be placed in protective custody because he feared for his safety. (*Id.* ¶ 11.) SRG Coordinator Aldi, Unit Manager Tammaro, and Lieutenant

---

[1] The Court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims because the purpose of an initial review order is to conduct a prompt initial screening to determine whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. More generally, the Court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment in the event that the Court has overlooked a controlling legal principle or if there are additional facts that would warrant dismissal of a claim.

Kelly ignored Peña's requests.  (*Id.*)  On July 18, 2018, Peña also sent a written request to Captain Kelly claiming that he feared for his safety due to his pending charges.  (*Id.* ¶ 14.)

On November 14, 2018, Peña was assaulted by an inmate who labeled Peña as a "plate" because of his charges.  (*Id.* at 3 ¶ 15.)  Lieutenant Bragdon, Correctional Officer Nichols, and two other correctional officers responded to the scene of the altercation and secured Peña against a wall and placed him in handcuffs.  (*Id.* ¶ 16.)  Officer Nichols and the two other officers then threw Peña to the floor, slammed his face into the ground, punched him, and pulled his arm behind his back "pas[t] its limitations."  (*Id.*)  When Peña asked why he was being treated this way when he was not resisting and already in handcuffs, Officer Nichols continued the assault while telling Peña to "shut up you ripper bitch" and to "[m]an up you rapist."  (*Id.* ¶ 17.)  Peña also pleaded with Lieutenant Bragdon to intervene but instead Lieutenant Bragdon sprayed Peña in the face with a can of mace as he told Peña to "shut the f*** up you rapist.  Stop B**chen."  (*Id.* ¶¶ 18, 21.)

On December 18, 2018 and on December 20, 2018, Peña filed administrative grievances with the DOC regarding the November 14, 2018 incident.  (*Id.* ¶ 23.)  The grievances were rejected for failure to comply with DOC Administrative Directive 9.6.  (*Id.*)  Peña attempted to appeal the grievances but was barred from doing so due to the DOC's position that his grievances had not been filed in a timely manner.  (*Id.*)  Peña also filed grievances regarding the failure of SRG Coordinator Aldi, Unit Manager Tammaro, and Lieutenant Kelly to protect him from serious harm, which were likewise rejected.  (*Id.* ¶¶ 11–12.)

Peña claims that Defendants Aldi, Tammaro, and Kelly were deliberately indifferent to his health and safety and subjected him to cruel and unusual punishment by failing to protect him

3

from being assaulted by another inmate on November 14, 2018 and that Defendants Bragdon and Nichols subjected him to cruel and unusual punishment by using excessive force against him as they attempted to restrain him after the assault.  Peña also asserts a state law negligence claim against Defendants Aldi, Tammaro, and Kelly and state law assault and battery claims against Defendants Nichols and Bragdon.  Peña sues the Defendants in their individual capacities and seeks compensatory and punitive damages as well as injunctive relief in the form of an order directing the DOC "to allow [Peña] to receive outside treatment for [his] back." (*Id.* at 1–2 ¶¶ 5–7; 5 ¶¶ 28–32.)

In filing this action, Peña neglected to mention that he previously filed a complaint asserting the same excessive force, failure to protect/deliberate indifference to safety, cruel and unusual punishment, negligence, and assault and battery claims against each of these same Defendants. (*See* Compl., *Peña v. Aldi, et al.*, Case No. 3:19-cv-00124 (KAD), ECF No. 1 (D. Conn. Jan. 25, 2019).)  The complaint also named as Defendants the two John Doe correctional officers who were allegedly involved in the use of excessive force on November 14, 2018, and mental health worker Brennan, who allegedly failed to provide Peña mental health treatment after the assault.  In addition, it asserted Fourteenth Amendment deliberate indifference and excessive force claims against Brennan, Fifth Amendment and Fourteenth Amendment due process claims against all Defendants, and state law claims of false imprisonment and intentional infliction of emotional distress.  *See id.*[2]

---

[2] In the complaint filed in the prior action, Peña listed Kelly as a Captain rather than a Lieutenant, identified Aldi as both a Counselor Supervisor and an SRG Coordinator, and named mental health worker Brennan as "Baennan."  It became clear after Brennan returned her waiver of service of summons form that her last name was spelled Brennan and not Baennan. (*See* Executed Waiver of Service, *Peña v. Aldi, et al.*, Case No. 3:19-cv-00124 (KAD), ECF No. 20 (D. Conn. June 17, 2019).)

Following review of the prior complaint under 28 U.S.C. § 1915A(b), the Court permitted the excessive force claim to proceed against Defendants Bragdon, Nichols, and the two John Doe Officers, the failure to protect/deliberate indifference to safety claims to proceed against Defendants Aldi, Tammaro, and Kelly, and the Fourteenth Amendment deliberate indifference to mental health needs claim to proceed against Defendant Brennan; the Court also construed the allegations as asserting a First Amendment retaliation claim against Defendant Kelly, which the Court allowed to proceed.  It dismissed all other federal constitutional claims and the state law negligence and false imprisonment claims.  (*See* Initial Review Order at 18, *Peña v. Aldi, et al.*, Case No. 3:19-cv-00124 (KAD), ECF No. 12 (D. Conn. May 21, 2019).)

The Court subsequently granted the motion for summary judgment filed by Defendants Aldi, Tammaro, Kelly, Nichols, Bragdon, and Brennan on the ground that Peña had not exhausted his available administrative remedies as to the remaining claims.  (*See* Ruling on Defendants' Motion for Summary Judgment (hereafter "Decision"), *Peña v. Aldi, et al.*, Case No. 3:19-cv-00124 (KAD), ECF No. 57 (D. Conn. Jan. 29, 2021).)  On that same date, the Clerk mailed a copy of the ruling granting the motion for summary judgment to Peña at Corrigan.  On February 4, 2021, the Clerk entered judgment for the Defendants, closed the case, and mailed a copy of the judgment and appeal forms to Peña at Corrigan.  Peña did not file a notice of appeal of the Court's ruling granting the motion for summary judgment.  Instead, fifteen days after judgment entered in favor of the Defendants, he filed the instant action.

**Discussion**

As stated above, a district court is required to "dismiss the complaint, or any portion of the complaint, . . . [that] is frivolous, malicious, or fails to state a claim upon which relief may be

5

granted." 28 U.S.C. § 1915A(b)(1). Although the failure to exhaust is an affirmative defense under the Prison Litigation Reform Act ("PLRA"), "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

As this Court explained in its decision granting Defendants' motion for summary judgment based upon Peña's failure to exhaust his administrative remedies with respect to this same November 14, 2018 incident, DOC Administrative Directive 9.6 requires that an inmate or detainee first seek informal resolution of an issue using Inmate Request Form CN 9601, which obligates the appropriate official to respond within 15 business days from receipt of such request. (Decision at 5.) If the inmate or detainee has not received such a response or is dissatisfied with the response, he must file a Level 1 grievance and either attach the prison official's response to the Inmate Request Form CN 9601 or explain why a response is not attached. (*Id*.) Importantly, "[t]he Level 1 grievance must be filed within thirty calendar days of the 'occurrence or discovery of the cause of the' issue raised in 'the grievance.'" (*Id*. (quoting Admin. Dir. 9.6.6(C)).)

Peña acknowledges in the new complaint that he did not file a grievance regarding the November 14, 2018 incident until December 18, 2018 and December 20, 2018. (Compl. at 4 ¶ 23.) With respect to Peña's December 18, 2018 grievance, the Court previously explained in ruling on the Defendants' motion for summary judgment that "[o]n January 11, 2019, a prison official rejected the grievance as untimely because it had been filed beyond the thirty-calendar-day period for filing a Level 1 grievance." (Decision at 7.) The same conclusion was reached with respect to Peña's December 20, 2018 grievance. (*Id*.) Peña's Level 2 appeals of each of

6

these grievances were likewise rejected as untimely. (*Id.*) The Court observed that Peña had "not offer[ed] evidence to dispute that the Level 1 grievances and Level 2 appeals regarding the excessive force and failure to protect claims were rejected as either untimely or repetitive." (*Id.* at 17.) The Court accordingly held that there were no genuine issues of material fact as to whether Peña properly exhausted these claims and that the Defendants were entitled to summary judgment on this basis. (*Id.* at 18–20.)

In his new complaint, Peña asserts that the 30-day clock on his time to file a grievance did not begin until a DOC official responded to his Inmate Request Form CN 9601. (Compl. at 4 ¶ 23.) However, this Court's decision granting the Defendants' prior motion for summary judgment makes clear that the clock begins with the "occurrence or discovery of the cause of the . . . grievance" (Decision at 5), which was the date of the incident itself—*i.e.*, November 14, 2018. Thus, the complaint does not present any new or different facts that would alter this Court's prior conclusion, rendering it "clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams*, 829 F.3d at 122; *see also, e.g.*, *Dennis v. Eason*, No. 3:20-CV-01118 (VLB), 2020 WL 5912559, at *4 (D. Conn. Oct. 6, 2020) (dismissing case upon initial review for failure to exhaust where "Plaintiff's allegations and his exhibits show that his Level 1 and Level 2 grievances were rejected as untimely"); *Cruz v. Sailius*, No. 3:17-CV-1403 (SRU), 2017 WL 5606741, at *4 (D. Conn. Nov. 21, 2017) (dismissing complaint upon initial review where "considering the time limits set forth in Administrative Directive 9.6," the court could not "discern how [the plaintiff] could have exhausted his administrative remedies with respect to any of his current claims before he filed this action").

In addition, because it is apparent that "administrative remedies have become unavailable after [Peña] had ample opportunity to use them," dismissal with prejudice is warranted as to the Plaintiff's federal claims. *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004); *see also, e.g.*, *Vidro v. Erfe*, No. 3:18-CV-00567 (CSH), 2019 WL 4738896, at *9 (D. Conn. Sept. 26, 2019) (dismissing action with prejudice after concluding that the plaintiff's "failure to exhaust is at this point incurable" where he was "foreclosed from exhausting his administrative remedies under Directive 9.6: he filed his only grievance after the thirty-day statute of limitations had lapsed, and DOC policies do not contemplate a cure for an untimely filed grievance").

## ORDERS

The Court enters the following orders:

**(1)** The Complaint (**ECF No. 1**) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

**(2)** The Clerk is directed to enter judgment for the Defendants and to close this case.

SO ORDERED at Bridgeport, Connecticut this 17th day of May 2021.

                                                    __/s/ *Kari A. Dooley*_____
                                                    KARI A. DOOLEY
                                                    UNITED STATES DISTRICT JUDGE